Order, Supreme Court, New York County (Michael D. Stall-man, J.), entered July 17, 2012, which granted the branch of the motions of fourth-party defendants (Consolidated) and second third-party defendant (Flooring), and the cross motion of defendants, that sought dismissal of plaintiffs Labor Law § 241 (6) claims based on alleged violations of 12 NYCRR 23-1.7 (b) (1) (i) and (ii) and (f), and denied that branch of the motions and cross motion that sought dismissal of plaintiffs Labor Law § 241 (6) claim predicated on alleged violations of 12 NYCRR 23-1.7 (d), unanimously modified, on the law, to grant the motion and cross motions to the extent of dismissing the Labor Law § 241 (6) claim insofar as predicated on an alleged violation of 12 NYCRR 23-1.7 (d), and otherwise affirmed, without costs.
In a prior order, entered January 22, 2009, the motion court granted the plaintiffs motion for leave to amend his bill of particulars to alleged new Industrial Code violations. Further, the court denied the branches of the summary judgment motions of defendants Flooring and Consolidated that sought dismissal of plaintiffs Labor Law § 241 (6) claims based on violations of 12 NYCRR 23-1.7 and 12 NYCRR 23-2.7, with leave to renew after completion of discovery. This Court, on a prior appeal, affirmed those aspects of the motion court’s order, and noted that liability under Labor Law § 241 (6), predicated on the newly-alleged Industrial Code provisions, “has yet to be determined” (see Francescon v Gucci Am., Inc., 71 AD3d 528, 529 [1st Dept 2010]). Accordingly, this Court’s earlier determination does not preclude review of the subsequent motions for summary judgment (see James v R & G Hacking Corp., 39 AD3d 385, 386 [1st Dept 2007], lv denied 9 NY3d 814 [2007]). Further, the renewed motions for summary judgment were based on “new facts” (CPLR 2221 [e] [2])—namely, plaintiffs deposition testimony, which was given after the motion court’s prior order.
*504 Industrial Code (12 NYCRR) § 23-1.7 (b) (1) is inapplicable. The record indicates that plaintiff was injured after he stepped off the edge of the work area to the subfloor 12 to 15 inches below, which is not considered a “hazardous opening” within the meaning of 12 NYCRR 23-1.7 (b) (see Lupo v Pro Foods, LLC, 68 AD3d 607, 608 [1st Dept 2009]; Pope v Safety & Quality Plus, Inc., 74 AD3d 1040 [2d Dept 2010], lv dismissed 15 NY3d 862 [2010]).
12 NYCRR 23-1.7 (f) is also inapplicable. There is no basis in the record for any claim that the “[s]tairways, ramps or runways” identified in section 23-1.7 (f) were required, given plaintiffs testimony that the subfloor was only approximately 12 to 15 inches below the first floor from which he fell (see Torkel v NYU Hosps. Ctr., 63 AD3d 587, 601-602 [1st Dept 2009, Andrias, J., concurring in part and dissenting in part]).
Finally, even if plaintiffs corrections to his deposition testimony would otherwise raise a credibility issue, the record establishes that plaintiffs accident was not connected to any slippery condition within the purview of 12 NYCRR 23-1.7 (d).
Concur—Gonzalez, EJ., Friedman, Abdus-Salaam, Román and Clark, JJ.